FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2012 DEC 20 PM 3:41
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

ALLIANCE TELEMED, LLC,

an Indiana limited liability company,

Plaintiff,

v.

ALLIANCE TELEMEDICINE, LLC

a Indiana limited liability company,

BUSINESS CONSULTANTS AND ASSOCIATES, LLC,

a Indiana limited liability company,

and

MAHER EL SARAG,

an individual,

Defendants.

Case No.: **1:12-cv-1860 TWP -DML**

---

## COMPLAINT

FOR ITS COMPLAINT in this matter, Plaintiff, Alliance Telemed, LLC, by and through its attorneys Newburg Law, PLLC, states as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Alliance Telemed, LLC ("Telemed"), is a limited liability organized under the laws of the State of Indiana.

2. Defendant Alliance Telemedicine, LLC ("Telemedicine") is a limited liability company organized under the laws of the State of Indiana.

3. Defendant Business Consultants and Associates, LLC ("Business Consultants") is a limited liability company organized under the laws of the State of Indiana.

4. Defendant Maher El Sarag ("El Sarag") is an individual domiciled in Bloomington, IN.

5. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1125, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

6. This Court has supplemental jurisdiction over the claims in this Complaint that arise under the common law of the State of Indiana pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

7. This Court has personal jurisdiction over Defendant Telemedicine because Defendant is a limited liability company organized under the laws of Indiana, is doing business within Indiana, has committed intentional and tortious acts within Indiana, and has otherwise purposely availed itself of this forum.

8. This Court has personal jurisdiction over Defendant Business Consultants because Defendant is a limited liability company organized under the laws of Indiana, is doing business within Indiana, has committed intentional and tortious acts within Indiana, and has otherwise purposely availed itself of this forum.

9. This Court has personal jurisdiction over Defendant Maher El Sarag because Defendant is an individual resident of the State of Indiana, is doing

business within Indiana, has committed intentional and tortious acts within Indiana, and has otherwise purposely availed himself of this forum.

10. Venue is proper in this district because Defendant Telemedicine, Defendant Business Consultants, and Defendant El Sarag are residents of this district.

## II. PLAINTIFF'S BUSINESS

11. Plaintiff Telemed is a limited liability company organized under the laws of the State of Indiana with its principal place of business in Bloomington, IN that is wholly owned by Dr. Ayman Ghoniem. See **Exhibit A**, Printout of Indiana Secretary of State Entry for Telemed.

12. Plaintiff Telemed is a radiology outsourcing service that provides hospitals and other medical service providers with neuroradiology, musculoskeletal radiology, and thoracic radiology services. Plaintiff provides radiology reports twenty-four hours a day and seven days a week by US-trained and board-certified radiologists.

13. Plaintiff Telemed was created as Unirad, LLC on October 17, 2008 and, on December 18, 2008, changed its name to Providence Rads, LLC. See **Exhibit A**, Printout of Indiana Secretary of State Entry for Telemed.

14. On June 18, 2010, Plaintiff changed its name from Providence Rads, LLC to Alliance Telemed, LLC. See **Exhibit A**, Printout of Indiana Secretary of State Entry for Telemed.

15. In furtherance of its business and this name change, Plaintiff registered the <alliancetelemed.com> domain name on May 17, 2010. See **Exhibit B**, Current <alliancetelemed.com> WHOIS.

16. Since that time, Plaintiff has widely and extensively advertised the Alliance Telemed trademark and trade name.

## III. PLAINTIFF'S MARK

17. On June 18, 2010, Plaintiff began using the ALLIANCE TELEMED trademark in interstate commerce in association with sale and offering for sale of its radiology outsourcing services.

18. Since that time, Plaintiff has consistently, continuously, and exclusively used the ALLIANCE TELEMED mark as an indicator or origin or source for its radiology outsourcing services.

19. Plaintiff has used the ALLIANCE TELEMED mark in Indiana and across the United States, including, but not limited to, through the <alliancetelemed.com> website.

20. Plaintiff has expended significant sums in advertising the ALLIANCE TELEMED mark throughout the United States and abroad.

21. Plaintiff's ALLIANCE TELEMED mark is inherently distinctive or has obtained distinctiveness through secondary meaning.

22. As a result of Plaintiff's consistent, continuous, and exclusive use of the ALLIANCE TELEMED mark in commerce Plaintiff's ALLIANCE TELEMED mark has become well and favorably known across the United States and abroad and

Plaintiff has obtained common law trademark rights in and to the ALLIANCE TELEMED mark.

## IV. DEFENDANT'S BUSINESS

23. Defendant Alliance Telemedicine, LLC is a limited liability company with its principal place of business in Bloomington, IN. Defendant Telemedicine was organized under the laws of the State of Indiana on October 5, 2012. See **Exhibit C**, Printout of Indiana Secretary of State Entry for Telemedicine.

24. Upon information and belief, Defendant Telemedicine is a limited liability company wholly owned by Defendant Business Consultants. See **Exhibit C**, Printout of Indiana Secretary of State Entry for Telemedicine.

25. Upon information and belief, Defendant Business Consultants is a limited liability company wholly owned by Defendant El Sarag. See **Exhibit D**, Printout of Indiana Secretary of State Entry for Business Consultants.

## V. DEFENDANT'S UNLAWFUL ACTIONS

26. On October 15, 2012, Plaintiff noticed that the <alliancetelemed.com> domain name's listed address of 2600 S HENDERSON ST SUITE 122 was changed to 2600 S HENDERSON ST SUITE 120, which is owned by Defendant BUSINESS CONSULTANTS AND ASSOCIATES, LLC.

27. On November 5, 2012, Plaintiff noticed that the website content located at the <alliancetelemed.com> domain name had changed to reflect Defendant Telemedicine as the owner of the website.

28. Additionally, this new website content listed an address of 899 S. College Mall, Suite 350, Bloomington, IN.

29. This S. College Mall address is the address associated with Defendant Telemedicine's Articles of Organization filed with the Indiana Secretary of State. See **Exhibit C**, Printout of Indiana Secretary of State Entry for Telemedicine.

30. Consequently, it became clear to Plaintiff Telemed that Defendant El Sarag, without authorization, obtained access to the registrar account associated with the <alliancetelemed.com> domain name.

31. Plaintiff contacted its registrar, Atlantic.net, and requested that Atlantic.net return control over the <alliancetelemed.com> domain name to Plaintiff.

32. Atlantic.net verified Plaintiff's ownership of the <alliancetelemed.com> domain name and returned it to Plaintiff on November 5, 2012. See **Exhibit E**, Nov. 5, 2012 WHOIS entry for <alliancetelemed.com>.

33. The next day, on November 6, 2012, Defendant El Sarag registered the <alliancetelemedicine.com> domain name with GoDaddy. See **Exhibit F**, Current WHOIS of <alliancetelemedicine.com>.

34. Defendant El Sarag also copied Plaintiff's website content and continues to display that content at the <alliancetelemedicine.com> domain name.

35. This website content is a copy of and virtually identical to Plaintiff's website, which was formerly located at <alliancetelemed.com>.

36. Mohamed Hashem is listed as the owner of the <alliancetelemedicine.com> domain name with an address of 3119 E. Diana Ct., Bloomington, IN.

37. Upon information and belief, 3199 E. Diana Ct., Bloomington, IN is Defendant El Sarag's home address.

38. Upon information and belief, on or about November 10, 2012, Defendant El Sarag obtained unauthorized access to Plaintiff's computer system.

39. By obtaining unauthorized access to Plaintiff's computer system, Defendant El Sarag was able to obtain the new password associated with Plaintiff's registrant account, which controls access to the <alliancetelemed.com> domain name.

40. Subsequently, Defendant El Sarag changed the password associated with Plaintiff's registrar account and once again obtained control over the <alliancetelemed.com> domain name. See **Exhibit G**, Nov. 10, 2012 WHOIS entry for <alliancetelemed.com>.

41. Defendant El Sarag also changed the WHOIS information associated with the <alliancetelemed.com> domain name to reflect that Mohamed Hashem is the owner of the domain name. Defendant once again listed an address of 3199 E. Diana Ct., Bloomington, IN. See **Exhibit G**, Nov. 10, 2012 WHOIS entry for <alliancetelemed.com>.

42. Defendants Telemedicine and El Sarag falsely informed Plaintiff Telemed's clients that Plaintiff Telemed had changed its name and tax identification number.

43. Defendants Telemedicine and El Sarag then instructed Plaintiff Telemed's clients to pay their outstanding invoices to Defendant Telemedicine.

44. To this day, Defendants El Sarag and Telemedicine continue to confuse and wrongfully divert Plaintiff's clients.

## COUNT I: CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT

45.     Plaintiff incorporates paragraphs 1-53 above as if fully restated herein.

46.     Defendants El Sarag and Telemedicine registered, used, and trafficked in the <alliancetelemedicine.com> domain name with a bad faith intent to profit from Plaintiff's ALLIANCE TELEMEDICINE mark.

47.     Defendants El Sarag and Telemedicine also registered, used, and trafficked in the <alliancetelemed.com> domain name with a bad faith intent to profit from Plaintiff's ALLIANCE TELEMED mark.

48.     Plaintiff's ALLIANCE TELEMED mark was distinctive at the time of Defendant's registration, use, and trafficking in the <alliancetelemedicine.com> and <alliancetelemed.com> domain names.

49.     The <alliancetelemedicine.com> and <alliancetelemed.com> domain names are confusingly similar to Plaintiff's ALLIANCE TELEMED trademark.

50.     Defendants El Sarag and Telemedicine registered, used, and trafficked in the <alliancetelemed.com> and <alliancetelemedicine.com> domain names with prior knowledge of Plaintiff's ALLIANCE TELEMED trademark.

51.     Defendants El Sarag and Telemedicine used the <alliancetelemedicine.com> and <alliancetelemed.com> domain names to divert consumers from Plaintiff's website to Defendant Telemedicine's website and services for commercial gain and to cause a likelihood of confusion.

52.     Defendants' actions constitute cybersquatting under § 15 U.S.C. § 1125(d).

53.     In light of Defendants' actions, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

54. Plaintiff is also entitled to the transfer of <alliancetelemedicine.com> domain name to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C).

55. Plaintiff is entitled to the recovery of Defendants' profits, Plaintiff's actual damages, and the costs of this action.

56. Alternatively, at Plaintiff's election, Plaintiff is entitled to recover statutory damages in the amount of $100,000 per domain name pursuant to 15 U.S.C. § 1117.

57. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**COUNT II: FALSE DESIGNATION OF ORIGIN**

58. Plaintiff incorporates paragraphs 1-68 above as if fully restated herein.

59. Defendant Telemedicine has used the ALLIANCE TELEMEDICINE mark in commerce in association with the sale of services.

60. Defendant Telemedicine's use of the ALLIANCE TELEMEDICINE mark in commerce is likely to cause confusion, to cause mistake, and to deceive the public by suggesting that Defendant's website and services are authorized by, sponsored by, approved by, or affiliated with Plaintiff's services.

61. Defendant Telemedicine's use of the ALLIANCE TELEMEDICINE mark in commerce is likely to confuse the public.

62. Consequently, Defendant Telemedicine's use of the ALLIANCE TELEMEDICINE mark constitutes unfair competition and trademark infringement pursuant to 15 U.S.C. § 1125(a).

63. Plaintiff is entitled to the recovery of Defendants' profits, Plaintiff's actual damages, and the costs of this action.

64. In light of Defendants' actions, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

65. Plaintiff is also entitled to its attorneys' fees consistent with 15 U.S.C. § 1117 because this is an exceptional case.

**COUNT III: VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**

66. Plaintiff incorporates paragraphs 1-75 above as if fully restated herein.

67. Defendant El Sarag accessed a protected computer, specifically, Plaintiff's domain registrant account and personal computer, knowingly with an intent to defraud.

68. Defendant El Sarag accessed Plaintiff's domain registrant account and personal computer without authorization.

69. Defendant El Sarag's accessing of Plaintiff's domain registrant account and personal computer was in furtherance of Defendant's intended fraud, namely, Defendant's theft of the <alliancetelemed.com> domain name, conversion of amounts owed to Plaintiff, and theft of Plaintiff's clients.

70. Through his unauthorized access of Plaintiff's domain registrant account and personal computer, Defendant El Sarag obtained the <alliancetelemed.com> domain name.

71. Defendant El Sarag's actions have caused Plaintiff losses aggregating at least $5,000 in value.

72. As a result of Defendant El Sarag's knowing, willful, and fraudulent actions, Plaintiff has suffered economic losses.

**COUNT IV: TORTIOUS INTERFERENCE WITH CONTRACT**

73. Plaintiff incorporates paragraphs 1-82 above as if fully restated herein.

74. Plaintiff had valid and enforceable contracts with specifically identified clients.

75. Defendants El Sarag and Telemedicine had specific knowledge of the existence of Plaintiff's valid and enforceable contracts with its clients.

76. In causing confusion and diverting funds and clients to Defendant Telemedicine, Defendants El Sarag and Telemedicine intentionally induced Plaintiff's clients to breach their contracts with Plaintiff.

77. Defendants' inducement is without legal or factual justification.

78. Plaintiff has suffered damages as a result of Defendants' wrongful inducement to breach.

79. Defendants' actions are the proximate and legal cause of Plaintiff's damages.

**COUNT V: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS**

80. Plaintiff incorporates paragraphs 1-89 above as if fully restated herein.

81. Plaintiff had valid business relationships with specifically identifiable clients.

82. Defendants El Sarag and Telemedicine had specific knowledge of the existence of Plaintiff's valid business relationships with specifically identifiable clients.

83. In causing confusion and diverting funds and clients to Defendant Telemedicine, Defendants El Sarag and Telemedicine intentionally interfered with Plaintiff's business relationships.

84. Defendants' intentional interference is without legal or factual justification.

85. Plaintiff has suffered damages as a result of Defendants' intentional interference with Plaintiff's business relationships.

86. Defendants' actions are the proximate and legal cause of Plaintiff's damages.

**COUNT VI: UNFAIR COMPETITION**

87. Plaintiff incorporates paragraphs 1-96 above as if fully restated herein.

88. In August 2012, Defendant El Sarag obtained unauthorized access to Plaintiff's registrar control panel and, without authorization, took control of the <alliancetelemed.com> domain name.

89. Defendant El Sarag, through Defendant Business Consultants, created Defendant Telemedicine on October 5, 2012, which employs a confusingly similar trade name and trademark to Plaintiff.

90. Defendants El Sarag and Telemedicine subsequently informed clients of Plaintiff that Plaintiff had changed its name and tax identification number and that all invoices should be paid to Defendant Telemedicine.

91. Defendants El Sarag confused clients into believing that Defendant Telemedicine was, in fact, Plaintiff Telemed.

92. Additionally, on or before November 5, 2012, Defendant El Sarag obtained unauthorized access to Plaintiff's website content and changed the address and

telephone number listed at the <alliancetelemed.com> website to that of Defendant Telemedicine.

93. Defendant El Sarag undertook these actions to divert clients to Defendant Telemedicine and to confuse consumers.

94. On November 10, 2012, Defendants El Sarag and Telemedicine registered the <alliancetelemedicine.com> domain name, which is a confusingly similar imitation of Plaintiff's ALLIANCE TELEMED trademark.

95. The website content hosted at the <alliancetelemedicine.com> domain name is substantially similar to the website content that previously appeared on Plaintiff's website with the exception of a change in the business address and telephone number.

96. Defendants El Sarag and Telemedicine adopted this substantially similar website in order to confuse consumers into believing that Defendant Telemedicine is, in fact, Plaintiff Telemed.

97. Defendants' actions have the natural and probable tendency of deceiving the public so as to pass off the services of Defendant Telemedicine as those of Defendant Telemed.

98. Defendants have passed off the services of Plaintiff Telemed as if they were their own.

99. Through these actions, Defendants have caused consumer confusion.

100. Through these actions, Defendants have caused Plaintiff economic damage.

101. Through these actions, Defendants have damaged the goodwill inherent in Plaintiff's ALLIANCE TELEMED mark.

**COUNT VII: PIERCING THE CORPORATE VEIL**

102. Plaintiff incorporates paragraphs 1-111 above as if fully restated herein.

103. Defendant Telemedicine is a limited liability company wholly owned by Defendant Business Consultants.

104. Both Defendant Telemedicine and Defendant Business Consultants are owned and operated by Defendant El Sarag.

105. Defendants Telemedicine and Business Consultants are merely shell organizations that act as the instrumentalities of Defendant El Sarag.

106. Defendants Telemedicine and Business Consultants have misused the corporate form and, through that misuse, have committed fraud and promoted injustice.

107. Defendants Telemedicine and Business Consultants are undercapitalized and have failed to maintain corporate records.

108. Defendants Telemedicine and Business Consultants were created to promote illegal activities including, but not limited to, the infringement of Plaintiff's ALLIANCE TELEMED mark and the theft of Plaintiff's clients.

109. Accordingly, the corporate forms of Defendants Telemedicine and Business Consultants should be ignored and Defendant El Sarag should be held personally liable for the actions undertaken by those entities.

**VI. PRAYER FOR RELIEF**

Plaintiff respectfully asks that the Court enter the following judgment against Defendants:

1. That the Court preliminarily and permanently enjoin and restrain Defendants, as well as their heirs, successors, assigns, officers, agents, and employees from:
   a. Registering, using, or trafficking in any domain name that is identical or confusingly similar to the ALLIANCE TELEMED mark, including, but not limited to, <alliancetelemed.com> and <alliancetelemedicine.com>;
   b. Infringing upon Plaintiff's trademarks, service marks, design marks, or trade names, including, but not limited to, ALLIANCE TELEMED;
   c. Aiding or assisting any other third party in subsections (a) and (b) above;
2. That the Court order the transfer of the <alliancetelemedicine.com>, and any other domain name identical or confusingly similar to Plaintiff's ALLIANCE TELEMED mark to Plaintiff;
3. That the Court award Plaintiff its actual damages, lost profits, consequential damages, exemplary damages, statutory damages, and any other damages allowable under law;
4. That the Court award Plaintiff its costs and attorneys' fees; and
5. That the Court award Plaintiff any other relief to which it is entitled.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury for all eligible counts contained within this Complaint.

Respectfully submitted this 17 day of Dec., 2012.

**ALLIANCE TELEMED, LLC**

By: ______________________
John Di Giacomo
Eric Misterovich
*Counsel for Plaintiff*
Newburg Law, PLLC
4112 W. St. Joe Highway
Suite C
Lansing, MI 48917
Phone: (517) 505.2323
Fax: (517) 418.2306
Email: john@newburglaw.com,
eric@newburglaw.com